EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JAMES B. SMITH,<br><br>            Plaintiff,<br><br>  v.<br><br>FLAGSTAR BANK, F.S.B.,<br><br>            Defendant. | Civil Action No. 3:14-CV-741 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Motion of Defendant, Flagstar Bank, F.S.B., to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") (ECF No. 13). Plaintiff filed a response in Opposition on January 21, 2105 ("Opp'n Mem.") (ECF No. 14), and Defendant subsequently filed a reply on January 30, 2015 ("Reply Mem.") (ECF No. 18).[1] A hearing was held on Friday, March 13, 2015. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

 **I. BACKGROUND**

  **a. *Factual Background***

Plaintiff, James B. Smith ("Smith" or "Plaintiff"), owned a home located at 17137 Claiborne Street, Richmond, Virginia 23220. On February 4, 2009, Smith entered into a home mortgage loan in the amount of $224,257.00, in which he was the borrower and Defendant, Flagstar Bank, F.S.B. ("Flagstar" or "Defendant"), was the lender. The loan was evidenced by a note signed by Smith and secured by a deed of trust.

On August 2, 2011, Smith called Flagstar for the purpose of pursuing a Home Affordable Modification Program ("HAMP") loan modification.[2] Under this program, the federal

---

[1] The Court granted Defendant's Motion for Extension of Time to File its Reply, which provided Defendant three additional days, up to and including January 30, 2015, to file its brief. (ECF No. 17).
[2] This is a federal program created pursuant to the Emergency Economic Stabilization Act, 12 U.S.C. § 5201 *et seq.*

1

government incentivized participating servicers to enter into agreements with struggling homeowners to make adjustments to existing mortgage obligations in order to make the monthly payments more affordable. Flagstar was a participant in HAMP. At the time Smith called Flagstar, he was one day in arrears as to the August 2011 payment on the note. Smith spoke to a Flagstar representative who told Smith that he could not qualify for a HAMP loan modification unless Smith fell at least 30 days in arrears on the note.

Based on that conversation, Smith stopped making payments on the note and fell more than 30 days behind. Because of his late payments, Flagstar then made negative credit reports to credit reporting agencies, which caused a significant reduction in Smith's credit score. Recently, Flagstar has sent notices to Smith indicating that Flagstar is near a decision to seek foreclosure on Smith's home.

      b. ***Procedural Background***

On September 10, 2014, Smith commenced the underlying state court action in the Circuit Court for the City of Richmond, and on September 30, 2014, the Summons and Complaint were served on the Secretary of the Commonwealth of Virginia. The original five-count Complaint alleged (1) actual fraud; (2) constructive fraud; (3) breach of the implied covenant of good faith under the Uniform Commercial Code; (4) breach of the implied covenant of good faith and fair dealing under common law; and (5) seeks declaratory judgment to enjoin Flagstar from foreclosing on the home. In his prayer for relief, Smith requested a judgment for compensatory damages and $350,000 in punitive damages as well as reasonable attorney's fees. Flagstar removed the case to this Court on October 30, 2014 (ECF No. 1) and subsequently filed a Motion to Dismiss. On December 10, 2014, Smith filed an Amended Complaint, thus mooting the original Motion to Dismiss. The Amended Complaint alleges the same five counts as identified above. Flagstar then filed its present Motion to Dismiss the Amended Complaint.

II.    **LEGAL STANDARD**

Rule 12 of the Federal Rules of Civil Procedure allows a defendant to raise a number of

defenses to a complaint at the pleading stage, including failure to state a claim. A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3. In other words, the plaintiff's complaint must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The Court need not accept legal conclusions that are presented as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Further, in ruling on a motion to dismiss, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (citations omitted); *see also Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (internal citations omitted) ("We may

3

consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

### III. DISCUSSION

#### a. *Claim 1: The Amended Complaint Does Not Satisfy Rule 9(b)*

Rule 9(b) of the Federal Rules of Civil Procedure requires that complainants plead "the circumstances constituting fraud or mistake . . . with particularity." At a minimum, a plaintiff alleging fraud must describe "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation and internal quotation marks omitted). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999). However, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts." *Id.* at 784. In its Motion, Defendant argues that Plaintiff has failed to identify the individual who allegedly made the misrepresentation as well as what Flagstar would have obtained through its supposed misrepresentation. The Court finds Defendant's argument without merit.

First, with regards to pleading the "time, place and nature of the fraud," Plaintiff has sufficiently stated a claim. He pled the exact date of the alleged misrepresentation, August 2, 2011, and he also pled the specific nature of the fraud. (Am. Compl. ¶¶ 16, 18, 19.) Additionally, with regard to the "identity of the person making the misrepresentation," *Harrison*, 176 F.3d at 784, Smith's claim that he spoke with a "woman representative of Flagstar," (Am. Compl. ¶ 16), is sufficient to satisfy Rule 9(b). In *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 738 (E.D. Va. 2010), the plaintiff alleged that he spoke with a representative of the defendant, without specifically identifying the person who made the alleged false statement. The Court

4

found that "it was sufficient that the plaintiff had named the entity, though not the specific person, making the misrepresentations." *Id.* at 738–39. Because the defendants were "amply aware of the 'particular circumstances for which [they] will have to prepare a defense,'" the Court refused to dismiss the Complaint based on Rule 9(b). *Id.* at 739; s*ee also Matanic v. Wells Fargo Bank, N.A.*, No. 3:12CV472, 2012 WL 4321634, at *6 (E.D. Va. Sept. 19, 2012) ("Though [Plaintiff] does not identify the exact name of the representative he spoke with, he identifies the representative as an agent of [Defendant], which is sufficient to survive a motion to dismiss."); *Scott v. GMAC Motg., LLC*, No. 3:10cv00024, 2010 WL 33405518, at *8 (W.D. Va. Aug. 25, 2010) (holding that Plaintiffs have alleged the elements of their actual fraud claim with sufficient particularity although Plaintiffs only identify the entity for which the alleged misrepresenting party was employed).

As to what the "person making the misrepresentation obtained thereby," Plaintiff sufficiently pleads that the misrepresentation "was likely to lead to an advantage for Flagstar and a disadvantage to Smith because, upon Smith becoming more than 30 days in arrears, he thereby was bound to be in a weaker position vis a vis Flagstar as to any future dealings, negotiations, and/or dispute(s) between Flagstar and Smith." (Am. Compl. ¶ 27.) In sum, Plaintiff's fraud claims are sufficiently particularized to survive a motion to dismiss.

### b. Claim 2: Plaintiff's Fraud Claims Are Time-Barred

If all facts necessary for such a defense clearly appear on the face of the complaint, then"[t]he statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim." *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013) (citing *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). In a federal diversity action, state law governs the existence and interpretation of any statute of limitations. *Va. Imports, Inc. v. Kirin Brewery of Am., LLC*, 296 F. Supp. 2d 691, 699 (E.D. Va. 2003). Virginia law sets a two-year limitations period for claims of fraud and constructive fraud. Va. Code § 8.01-243 ("[E]very action for damages resulting from fraud, shall be brought within two

years after the cause of action accrues."). Va. Code § 8.01-249 provides that a cause of action shall be deemed to accrue "when such fraud . . . is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code § 8.01-249(1). To exercise due diligence, the plaintiff bears the burden of proving that he used "'[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.'" *Va. Imports, Inc.*, 296 F. Supp. 2d at 699 (quoting *STB Mktg. Corp. v. Zolfaghari*, 393 S.E.2d 394, 397 (Va. 1990)).

In the Amended Complaint, Plaintiff claims that a woman Flagstar representative made the alleged misrepresentation on August 2, 2011. Pursuant to Va. Code §§ 8.01-243 and 8.01-249, Plaintiff's claim would be barred two years from the date that Plaintiff discovered or through the exercise of due diligence reasonably should have discovered the fraud. Plaintiff asserts that he did not discover the fraud until May 2013 when his wife applied for a refinancing of an FHA loan and relayed the availability of a potential FHA streamline refinance option to Plaintiff. (Am. Compl. ¶ 38.) Plaintiff then researched the potential for a streamlined FHA refinance, and in the process of such research, discovered that the alleged misrepresentation was false because he was not required to fall behind more than thirty days to qualify for HAMP. (*Id.*) In its Motion, Defendant counters that Plaintiff cannot allege that his fraud claims accrued at some later date, predicated on the discovery rule. HAMP is a federal program and operates under federal law. The requirements are publicly available online. Defendant thus argues that Plaintiff is charged with knowing the law.

However, at this stage of the litigation, the Court cannot conclude as a matter of law whether Plaintiff's claims are time-barred. The Amended Complaint does not indicate when Plaintiff, by the exercise of due diligence, should have discovered the alleged fraud. In other words, the face of the Amended Complaint does not plead facts which conclusively show that Plaintiff should have known of the alleged fraud by September 10, 2012, two years prior to filing

of the Complaint. Because this affirmative defense does not clearly appear on the face of the Complaint, *see Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), a determination of timeliness is best left to a later date once the facts of the case are better developed, *see Carlucci v. Han*, 886 F. Supp. 2d 497, 516 (E.D. Va. 2012) ("[W]hen [Plaintiff] discovered, or should have discovered, the alleged fraud is a factual question that may not be appropriately resolved at [the motion to dismiss] stage of the litigation."); *Jones v. Shooshan*, 855 F. Supp. 2d 594, 604 (E.D. Va. 2012) (holding that whether public documents were reasonably accessibly to plaintiff and whether plaintiff exercised due diligence is a question of fact which cannot be resolved at the motion to dismiss stage).

> ### c. Claim 3: Counts I and II for Fraud Fail as a Matter of Law Because Plaintiff Could Not Have Reasonably Relied on Flagstar's Alleged Misrepresentation, and Because There is No Causal Connection Between Plaintiff's Alleged Injury and Flagstar's Purported Statement

Third, Defendant argues that Counts I and II fail as a matter of law because Plaintiff cannot demonstrate that he reasonably relied on Defendant's misrepresentation, and because the damages complained of are not causally connected to Defendant's alleged statement. Specifically, Defendant argues that because HAMP guidelines are a matter of federal law, Plaintiff could not have reasonably relied on Defendant's alleged misrepresentation. *See Hicks v. Wynn*, 137 Va. 186, 186 (1923) (finding that misrepresentations of law cannot constitute fraud). Defendant also argues that there is no causal connection between its alleged misrepresentation and the claimed harm to Plaintiff's credit. Plaintiff does not claim that he defaulted on the Loan in reliance on Flagstar's purported statement, and was later denied a modification on the basis of his default. In fact, Plaintiff does not allege that he ever applied for a modification. Plaintiff also does not contend that Flagstar agreed not to report any default, or that Flagstar represented that there would be no adverse consequences should Plaintiff choose to withhold payments.

As an initial matter, Defendant's general statement that "misrepresentation[s] of law cannot constitute fraud," (Def.'s Mem. in Opp. at 12), is true. *See Hicks*, 119 S.E. at 135.

7

However, Defendant is too quick to categorize the statement as a misstatement of the law. As one court has stated, "Depending on how the statement was worded, it might have been a straightforward statement about how [Plaintiff] could legally qualify for a loan modification under HAMP. However, it may have also been a factual statement about when [Defendant] would consider [Plaintiff] for a loan modification." *Fletcher v. OneWest Bank, FSB*, 798 F. Supp. 2d 925, 934 (N.D. Ill. 2011). In other words, viewing the facts in light most favorable to Plaintiff, the alleged misrepresentation was not necessarily explaining what the federal guidelines were. Therefore, the Court will analyze whether the remaining elements required for fraud were properly plead.

Under Virginia law, a claim for actual fraud requires "(1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, [and] (5) reliance by the party misled, . . . (6) resulting [in] damage to [that] party." *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005) (citation omitted). "Alternatively, a negligent (but not knowingly false) misrepresentation may support an action for constructive fraud in Virginia; all other elements remain the same." *Condel v. Bank of Am., N.A.*, No. 3:12CV212-HEH, 2012 WL 2673167, at *9 (E.D. Va. July 5, 2012).

Specifically, in order to prove reliance, a plaintiff must not only demonstrate that he acted to his detriment in response to the defendant's false representation, but must also demonstrate that his reliance was reasonable. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999). "The touchstone of reasonableness is prudent investigation." *Id.*; *see also Horner v. Ahern*, 153 S.E.2d 216, 219 (Va. 1967) (citation and internal quotation marks omitted) ("[I]f false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence.").

8

On the face of his Complaint Plaintiff pleads reasonable reliance by stating, "Smith relied on the false representation by the August 2, 2011 Flagstar representative . . . because Smith believed it to be true" and "Smith's said reliance on such false representation was reasonable because (a) it was well known that lenders, including Flagstar Bank, entered into loan modifications, including HARP and HAMP loan modifications; (b) the false representation by Flagstar Bank . . . was not inherently implausible; and (c) Smith had no reason to believe that Flagstar Bank would intentionally mislead him about the terms of the HARP and HAMP loan modification process." (Am. Comp. ¶ 29.) Although Plaintiff does not plead any prudent investigation on his part, at this stage in the litigation the Court cannot say as a matter of law that Plaintiff acted unreasonably. *See Carlucci,* 907 F. Supp. 2d at 741 ("[R]eliance is a fact-intensive inquiry that is usually inappropriate for a motion to dismiss."); *Elliott v. Great Point Partners*, Nos. 1:10cv1019, 1:10cv1047, 2011 WL 63657, at *7 (E.D. Va. Jan. 5, 2011) ("Whether Plaintiffs' failure to investigate was unreasonable in these circumstances is a question of fact that cannot be resolved on a motion to dismiss."); *Cook v. CitiFinancial, Inc.*, No. 3:14CV00007, 2014 WL 2040070, at *4 (W.D. Va. May 16, 2014) ("The issue of whether a party reasonably relied on representations is ordinarily a question for the trier of fact to determine.").

With regards to the causation issue, "a plaintiff must prove damages which are caused by his detrimental reliance on a defendant's material misrepresentation." *Murray v. Hadid*, 385 S.E.2d 898, 903 (Va. 1989) (citing *Winn v. Aleda Const. Co.*, 315 S.E.2d 193, 195 (Va. 1984)). Here, Plaintiff pled that he relied on the misrepresentation, (Am. Compl. ¶ 29), and stopped making payments on the note, (*id.* at ¶ 31). Plaintiff pled that as a proximate result of his reliance on the misrepresentation he sustained economic damage and emotional distress. (*Id.* at ¶¶ 32, 36.) With this in mind, Plaintiff sufficiently pled reasonable reliance and causation in Counts I and II.

//

### *d. Claim 4: Counts III and IV Fail Because They Are Not Viable, Independent Causes of Action Under Virginia Law*

"In Virginia, every contact contains an implied covenant of good faith and fair dealing." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009) (citations omitted). To establish a claim for breach of the implied covenant of good faith, a plaintiff must prove (1) a contractual relationship between the parties, and (2) a breach of the implied covenant. *Id.* (citing *Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 386 (Va. 1996)).

Defendant correctly states that "Virginia does not recognize independent causes of action for breach of the implied covenants of good faith and fair dealing." (Br. in Supp. of Mot. to Dismiss at 13). The Virginia Supreme Court has held that "the failure to act in good faith . . . does not amount to an independent tort," but "gives rise only to a cause of action for breach of contract." *Charles E. Brauer Co.*, 466 S.E.2d at 385 (citation omitted). Likewise, a breach of the implied duty of good faith and fair dealing under the Uniform Commercial Code gives rise only to a cause of action for breach of contract, and does not amount to an independent tort. *Id.* Under Virginia law, "[a] deed of trust is construed as a contract." *Mathews v. PHH Motg. Corp.*, 724 S.E.2d 196, 200 (Va. 2012) (citation omitted).

Here, Plaintiff has attempted to assert a separate cause of action for breach of the implied duty of good faith, and thus he has not stated a claim upon which relief may be granted under Virginia law. *See Jones v. Fulton Bank, N.A.*, No. 3:13-CV-126, 2013 WL 3788428, at *7 (E.D. Va. July 18, 2013). Moreover, Plaintiff would not be able to plead breach of contract as there was no language in the note or deed of trust requiring Defendant to modify Plaintiff's loan. Plaintiff cannot employ the implied duty of good faith and fair dealing to create obligations with respect to loan modification that were not present in the underlying contracts.

Plaintiff relies on *Bourdelais v. JPMorgan Chase Bank, N.A.*, No. 3:10CV670, 2012 WL 5404084 (E.D. Va. Nov. 5, 2012), to support his argument. However, *Bourdelais* is

distinguishable from the instant case. In *Bourdelais*, the plaintiff claimed that the defendant induced her to breach the Note and Deed of Trust by incorrectly advising her that she would need to skip her mortgage payment in order to qualify for the requested HAMP program. 2012 WL 5404084, at *1. The plaintiff had never made any late payments on the mortgage before defendant's misrepresentation. *Id.* In denying the motion to dismiss the claim for breach of the implied covenant of good faith and fair dealing, the court found that (1) the Note and Deed of Trust constituted a contract; (2) the defendant's actions, if true, would be unreasonable and in bad faith; and (3) by inducing the plaintiff to default, the defendant "arguably 'acted in such a manner as to prevent [her] from performing [her] obligations under the contract.'" *Id.* at *6 (quoting *SunTrust Mortg., Inc. v. Mortgs. Unlimited, Inc.*, No. 3:11CV861-HEH, 2012 WL 1942056, at *3 (May 29, 2012)); *see also Acuna v. Chase Home Fin., LLC*, No. 3:10-CV-905, 2011 WL 1883089, at *6 (E.D. Va. May 17, 2011) (denying a motion to dismiss a claim for breach of the implied covenant in part because plaintiff alleged that defendant induced him to default by telling him his chances of receiving a loan modification would increase if he did so).

In this case, the Note and Deed of Trust would similarly constitute a contract, and Defendant's actions, if true, may be unreasonable. However, in contrast to *Bourdelais*, Plaintiff was already in default. (Am. Compl. ¶ 17.) Thus, Defendant's alleged misrepresentation did not induce him to default and Defendant did not act in such a manner as to prevent Plaintiff from performing his obligations under the contract. *See SunTrust Mortg., Inc.*, 2012 WL 1942056, at *3. Therefore, the Court GRANTS the Motion as to Claim 4 and accordingly dismisses Counts Three and Four of the Amended Complaint.

> **e. Claim 5: Count V for Declaratory Judgment is Not an Independent Cause of Action, But Even If It Was, Plaintiff Has Not Established Any Bases for Entry of a Declaratory Judgment In His Favor**

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[3] "In order to properly state a claim for declaratory relief, the plaintiff must allege that an actual controversy exists within the Court's jurisdiction and that it is an interested party." *Pei P'ship Architects, LLP v. Celebrate Va. South, LLC*, No. 3:13-CV-48, 2013 WL 1163463, at *3 (E.D. Va. Mar. 19, 2013). For an actual controversy to exist, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation and internal quotation marks omitted). Additionally, "the trial court, in its discretion, must be satisfied that declaratory relief is appropriate." *White v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990). With regards to the court's discretion, two questions need to be asked: "(1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue, or (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 168 (citations and internal quotation marks omitted).

    In this case, Smith seeks a declaratory judgment that Flagstar Bank is not currently entitled to foreclose on his home. (Am. Compl. ¶ 68.) However, there is no dispute that Smith fell more than thirty days in arrears in payment on the note. (*Id.* at ¶ 29.) He stopped making all payments on the note. (*Id.* at ¶ 30, 32.) The Deed of Trust and Note executed by Plaintiff in this matter clearly provide that in the event of Plaintiff's default, lender has the right to require immediate payment in full if borrower defaults by failing to pay in full any monthly payment or by failing, for a period of thirty days, to perform any other obligations contained in the security instrument. (*See* Br. in Supp. of Mot. to Dismiss Exs. 1, 2.) If lender requires immediate

---

[3] "Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction." *White v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990); *see also The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602 (E.D. Va. 2008) (applying the Declaratory Judgment Act to a declaratory action that was originally filed in state court and subsequently removed to federal court).

payment in full, then lender may invoke the power of sale and other remedies permitted by applicable law. (Br. in Supp. of Mot. to Dismiss Ex. 2 at pg. 6.) There is no controversy that Defendant is entitled to foreclose on Plaintiff's property. Therefore, the Court GRANTS the Motion with respect to Claim 5 and accordingly dismisses Count Five of the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Motion is GRANTED in part and DENIED in part. Specifically, the Motion is DENIED as to Counts One and Two of Plaintiff's Amended Complaint, and GRANTED as to Counts Three, Four and Five.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order will issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this \_\_\_17th\_\_\_ day of March 2015.